# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina ▼

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person to be tracked or describe<br>the object or property to be used for tracking)*<br><br>Facebook Account<br>https://www.facebook.com/devon.peoples.779 | )<br>)<br>)<br>) Case No. 1:23mj287<br>)<br>) |

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __18__ U.S.C. § __751(a)__. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☐ property designed for use, intended for use, or used in committing a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ a person to be arrested or a person who is unlawfully restrained.

☐ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

On this day, the applicant appeared before me by reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Application for a search warrant in accordance with the requirements of Fed. R. Crim. P. 4.1.

/s/ Matthew J. Little
*Applicant's signature*

Matthew J. Little, Deputy US Marshal
*Applicant's printed name and title*

Date: 7/7/23

[Judge's signature]
*Judge's signature*

City and state: Winston-Salem, NC

United States Magistrate Judge Joi Elizabeth Peake
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| IN THE MATTER OF THE TRACKING OF FACEBOOK ACCOUNT https://www.facebook.com/devon.peoples.779 | Case No. 1:23mj287<br><br>**Filed Under Seal** |
|---|---|

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Matthew J. Little, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the monitoring and tracking of the Facebook account https://www.facebook.com/devon.peoples.779 ("the SUBJECT ACCOUNT"). Based on the facts set forth in this affidavit, I believe that the SUBJECT ACCOUNT is presently associated with DEVON ANTONIO PEOPLES, a fugitive as defined in 18 U.S.C. § 1073 and escapee in violation of 18 U.S.C. § 751(a), and that there is probable cause to believe that the monitoring and tracking of the prospective geolocation of the SUBJECT ACCOUNT will lead to PEOPLES' location, evidence of his escape from the custody of the Attorney General, and instrumentalities of the aforementioned crime.

2. Because this warrant seeks the collection of prospective geolocation datapoints, information that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See*

18 U.S.C. §§ 3121-3127.

3. I am a Deputy United States Marshal ("DUSM") with the United States Marshals Service ("USMS"). I have been a DUSM since July 2010. As a DUSM, I have led or assisted in hundreds of State and Federal fugitive investigations and apprehensions. Prior to becoming a DUSM, I attended and graduated from the Basic Deputy United States Marshal (BDUSM) course at the Federal Law Enforcement Training facility in Glynco, Georgia. The BDUSM course is approximately 26 weeks of training. Prior to attending the U.S. Marshals Service Training Academy, I graduated from Central Connecticut State University in 2009 with a degree in Criminology.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and information published by Meta Platforms, Inc. ("Meta"). This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## BACKGROUND CONCERNING FACEBOOK[1]

5. Meta is a United States company that owns and operates Facebook. Users can access Facebook and register for an account, like the SUBJECT ACCOUNT, via its website (facebook.com) or via its mobile applications (Facebook

---

[1] The information in this section is based on my training and experience, and on information published by Meta on its Facebook website, including, but not limited to, the following webpages: https://www.facebook.com/privacy/policy; https://www.facebook.com/about/basics/manage-your-privacy/location; https://www.facebook.com/help/278928889350358; and https://www.facebook.com/help.

and Messenger). Each Facebook account is assigned a unique user ID number and may also be associated with a unique user-created username. Users can periodically change their usernames but no two users can have the same username at the same time.

6. Facebook users can create, view, share, and interact with news, images, videos, and other information and can communicate in real-time with other users through text, voice, and video messaging. Accounts can also be used for event planning, buying and selling items, payments, gaming, fundraising, and to interact with groups, businesses, and other online platforms.

7. Meta uses information about the location of its Facebook users for business purposes and to enhance the functionality of its platform, such as to personalize and target advertisements, display local news stories, suggest nearby events, and detect suspicious account activity. Location determinations are informed by connection records, device-based data, and user-generated information. Examples of data used by Meta to determine a user's location include IP addresses, Global Position System ("GPS") data, "check-ins," and event responses. Meta also uses this data to estimate the city or town where the user is situated, which Meta refers to as the user's "Primary Location."

8. Meta collects geolocation data, which it refers to as "precise location information," from a user's device if each of the following conditions are met. First, the Facebook mobile application must be installed on the device. Second, a user of that device must have granted "permission" through the device's operating system for the mobile application to receive and transmit location data to Meta. Third, a user

of that device must have enabled "location services" through the device's operating system. Fourth, the mobile application must be logged into a Facebook account and, if required by the permission or other settings, be in active use.

9. This proposed search warrant seeks the prospective production of geolocation information collected and retained by Facebook in the normal course of business. Meta produces geolocation data to law enforcement as datapoints consisting of a latitude, longitude, and timestamp. According to Meta, it retains only one such datapoint for an account, with each subsequent datapoint replacing the prior. Based on my training and experience, I know that Meta can produce that stored datapoint, which it refers to as "Last Location," and it can also produce subsequent datapoints on a rolling basis.

## PROBABLE CAUSE

10. The United States, including the USMS, is conducting a criminal investigation to locate and arrest PEOPLES.

11. On January 11, 2023, PEOPLES left from and failed to return to the Community Corrections Center at Dismas Charities RRC located at 307 N. Church Street, Greensboro, North Carolina. Since January 11, 2023, deputies with the USMS have been unable to locate PEOPLES.

12. On May 30, 2023, a grand jury in the Middle District of North Carolina returned an indictment charging PEOPLES with one count of escape from custody in violation of 18 U.S.C. § 751(a) (1:23CR200-1).

13. On May 31, 2023, a warrant for PEOPLES' arrest was issued.

14. Since January 11, 2023, I and other members of the USMS have

conducted surveillance on all known addresses associated with PEOPLES. None of us has seen PEOPLES at any of those addresses.

15. On March 13, 2023, I conducted an online search for possible social media accounts belonging to PEOPLES. I determined that PEOPLES had a Facebook account, the SUBJECT ACCOUNT, with the profile name "Devon Peoples."

16. I reviewed the SUBJECT ACCOUNT and recognized the profile picture as a photo of PEOPLES. The SUBJECT ACCOUNT states that the account user lives in Winston-Salem, North Carolina. PEOPLES is originally from the Winston-Salem area of North Carolina. The user of the SUBJECT ACCOUNT also has a large number of friends in the Winston-Salem, North Carolina area. I believe that PEOPLES is in the Winston-Salem area of North Carolina. The Winston-Salem area of North Carolina is in the Middle District of North Carolina, the issuing district.

17. I confirmed that, as of July 6, 2023, the SUBJECT ACCOUNT was still active.

18. As part of my investigation, I interviewed confidential sources ("CSs") and learned that PEOPLES has contacted the CSs through Facebook Messenger, associated with the SUBJECT ACCOUNT, since leaving Dismas Charities RRC in January 2023.

19. The collection of prospective geolocation information will assist me in locating and apprehending PEOPLES, a fugitive, and may be used as evidence and instrumentalities of his escape. Provided that Meta has this information for the SUBJECT ACCOUNT, I will learn the location and time of PEOPLES' use of his

Facebook account and, accordingly, his whereabouts. PEOPLES has been a fugitive since January 11, 2023, nearly seven months ago. A search warrant directing Meta to provide datapoints associated with the SUBJECT ACCOUNT for a period of 30 days following the issuance of the search warrant, or until the date of his capture if earlier, is necessary to prevent PEOPLES from continuing to elude apprehension.

20. In the event the Court grants this application, there will be periodic monitoring of the SUBJECT ACCOUNT during both daytime and nighttime hours for a period not to exceed 30 days following issuance of the warrant. The SUBJECT ACCOUNT may produce datapoints from inside private residences or other such locations not open to the public or visual surveillance.

## AUTHORIZATION REQUEST

21. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes Facebook to provide the USMS or its authorized representatives the prospective geolocation of the SUBJECT ACCOUNT, which is being used inside the Middle District of North Carolina, for 30 days following the issuance of the warrant, or until the date of PEOPLES' capture if earlier, including when the SUBJECT ACCOUNT is being used inside private residences and other locations not open to the public or visual surveillance.

22. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking

(including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving PEOPLES an opportunity to continue to flee from custody, to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

## REQUEST FOR SEALING

23. I further request that the Court seal the warrant and the affidavit and application in support thereof, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office and may be served on the USMS and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant. These documents pertain to and discuss an ongoing criminal investigation that is neither public nor known to PEOPLES.

Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation.

Respectfully submitted,

/s/ Matthew J. Little
Matthew J. Little
Deputy U.S. Marshal
United States Marshals Service

In accordance with Rule 4.1(b)(2)(A), the Affiant attested under oath to the contents of this Affidavit, which was submitted to me by reliable electronic means, on this ___7___ day of July, 2023, at ___12:38___ a.m./(p.m.)

_____
Honorable Judge Joi Elizabeth Peake
United States Magistrate Judge